TRIO ESTATES, LTD. v. CULBRETH E. DYSON

No. 7121DC10

(Filed 3 February 1971)

1. **Uniform Commercial Code § 20— seller's action for balance due under contract — acceptance of machine by buyer — jury question**

    In this action to recover the balance allegedly due on a contract of sale of a "Mr. Slushy" machine wherein defendant admitted that he purchased and received the machine, that he made no payments under the contract except a down payment, and that plaintiff repossessed the machine, defendant's denial of any indebtedness to plaintiff raises an issue for the jury as to whether defendant accepted the machine within the meaning of G.S. 25-2-606; if the jury determines that defendant accepted the machine, it must then determine what amount, if any, plaintiff is entitled to recover from defendant under the terms of the contract. G.S. 25-2-607(1).

2. **Uniform Commercial Code § 15— counterclaim for breach of implied warranty of merchantability**

In this action to recover the balance allegedly due on a contract of sale of a "Mr. Slushy" machine, the evidence was insufficient for the submission of defendant's counterclaim to the jury on the basis of fraud, total failure of consideration, or breach of implied warranty of fitness for a particular purpose, but defendant was entitled to have his counterclaim submitted to the jury on the basis of breach of implied warranty of merchantability unless the contract contains an exclusion or modification of such implied warranty. G.S. 25-2-314; G.S. 25-2-315; G.S. 25-2-316.

APPEAL by plaintiff from *Henderson, District Judge,* 1 June 1970 Session, District Court, FORSYTH County.

This is a civil action by plaintiff, Trio Estates, Ltd. (seller), to recover from defendant, Culbreth E. Dyson (buyer), $1,148.88 together with reasonable attorney's fees allegedly due on a contract of sale of one Polar Chip Slush Machine. In its complaint, the plaintiff alleged that on 26 May 1969 the plaintiff and the defendant entered into a contract denominated "Note and Purchase-Money Security Agreement" under the terms of which the plaintiff sold to the defendant a Polar Chip Slush Machine (a machine which makes fruit-flavored iced drinks) for $2,559.73, with $270.85 being paid by the defendant as a down payment, the balance of $2,288.88 to be paid in monthly installments of $95.37 beginning 1 July 1969. The plaintiff further alleged that the defendant failed to make any of the installment payments, and that pursuant to the contract, it repossessed and sold the machine crediting the net proceeds from the sale to the balance due on the contract which left a deficiency of $1,148.88.

The defendant filed answer admitting that the plaintiff on 26 May 1969 sold and delivered to him a Polar Chip Slush Machine for a total price of $2,559.73 and that the plaintiff repossessed the machine on 3 December 1969. The defendant denied that he was indebted to the plaintiff in any amount and filed a counter claim for $3,000.00 alleging fraud, "total failure of consideration," breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose.

The plaintiff offered evidence tending to prove the material allegations in its complaint.

The defendant offered evidence tending to show that throughout the summer months during which he operated the

machine it was in need of repair on several occasions. During this period the agitator and shear pins had to be replaced twice. In addition, the motor had to be replaced. On another occasion, the main shaft broke, causing the main bushing to allow the syrup to leak out. This necessitated sending the machine to Smithfield, North Carolina, for repairs. Other malfunctions included leaking spigots and a tendency of one side of the machine to freeze, while the other side would not. Nevertheless, the defendant continued to use the machine from the last of May until at least September, at which time he stored it in a back room of his business.

At the close of the evidence, the plaintiff " . . . moved for a directed verdict on all counterclaims made by the defendant." Whereupon, the record discloses: "Motion allowed as to the counterclaims based on implied warranty, the court holding that implied warranty, were [sic] excluded by the express disclaimer in the security agreement. Motion also allowed as to counterclaims for breach of warranty of merchantability and warranty of fitness. Motion denied as to counterclaim based on total failure of consideration."

The case was submitted to the jury upon the following issues which were answered as indicated:

"1. Was the machine sold by the plaintiff to the defendant so defective as to be not reasonably fit for the use for which it was intended?

ANSWER: Yes.

"2. What amount, if any, is the plaintiff entitled to recover of the defendant?

ANSWER: No answer.

"3. What amount, if any, is the defendant entitled to recover of the plaintiff?

ANSWER: $270.80."

From a judgment that the defendant recover of the plaintiff $270.80 plus costs, the plaintiff appealed.

*Hamilton C. Horton, Jr., for plaintiff appellant.*

*Jim Dunn for defendant appellee.*

HEDRICK, Judge.

[1]  With respect to its claim for relief, the seller pleaded and offered evidence tending to show that it sold and delivered to the buyer under the terms of an express contract a Polar Chip Slush Machine, and that because the buyer defaulted in his payments, the seller repossessed and sold the machine pursuant to the terms of the contract.

The buyer admitted that he purchased and received the machine, and that he did not make any payments under the contract except a down payment of $270.85. The buyer admitted that the seller repossessed the machine, but denied that he was indebted to the seller in any amount.

G.S. 25-2-607(1) provides: "The buyer must pay at the contract rate for any goods accepted." In the instant case the defendant's denial of any indebtedness to the plaintiff raises an issue as to whether the defendant accepted the machine. This issue must be determined by the jury from a consideration of all the evidence in connection with G.S. 25-2-606 which, in pertinent part, provides:

"(1)  Acceptance of goods occurs when the buyer

(a)  after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their nonconformity; or

(b)  fails to make an effective rejection (subsection (1) of § 25-2-602), but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them; or

(c)  does any act inconsistent with the seller's ownership; but if such act is wrongful as against the seller it is an acceptance only if ratified by him."

If the jury determines that the defendant accepted the machine, it will then proceed to determine what amount, if any, the plaintiff is entitled to recover of the defendant for the sale of the Polar Chip Slush Machine under the terms of the contract.

[2]  With respect to his counterclaim, the buyer pleaded: (1) fraud; (2) "total failure of consideration"; (3) breach of im-

plied warranty of merchantability; and, (4) breach of implied warranty of fitness for a particular purpose.

This record contains no evidence of fraud or "total failure of consideration," nor is there any evidence that there was a breach of implied warranty of fitness for a particular purpose. G.S. 25-2-315.

G.S. 25-2-607(4) provides: "The burden is on the buyer to establish any breach with respect to the goods accepted."

If it shall be determined by the jury that the defendant accepted the machine, then the defendant's counterclaim for breach of implied warranty of merchantability must be considered. G.S. 25-2-314.

The court allowed the plaintiff's motion for a directed verdict against the defendant as to his counterclaim based on breach of any implied warranties, stating that the contract contained an "express disclaimer." The defendant's counterclaim was allowed to go to the jury on the theory of "total failure of consideration." The issue submitted to the jury did not properly present the plaintiff's claim nor the defendant's counterclaim. The defendant is entitled to have his counterclaim, based upon a breach of implied warranty of merchantability, submitted to the jury unless the contract contains an exclusion or modification of the implied warranty. G.S. 25-2-316. Since the contract was not made a part of the record on appeal, we are unable to determine the correctness of the court's ruling on the plaintiff's motion for a directed verdict in this regard.

For the reasons herein stated, the judgment of the court awarding the defendant $270.80 is vacated, and the case is remanded to the District Court of Forsyth County for a new trial upon the plaintiff's claim and the defendant's counterclaim.

Vacated and remanded.

Judges CAMPBELL and BRITT concur.